# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAD LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>I. OGBEUHI, et al.<br><br>　　　　　　Defendants. | Case No. 1:16-cv-00603-BAM (PC)<br><br>SCREENING ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Screening Requirement and Standard**

Plaintiff Asad Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 18, 2016, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's complaint, filed on April 29, 2016 (ECF No. 1), is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); *Id.* § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Deuel Vocational Institution in Tracy, California. Plaintiff is suing defendants Family Nurse Practitioner I. Ogbeuhi, Licensed Vocational Nurse R. Hanson, Correctional Sergeant J. Benavides, and Chief Physician A. Ola ("Defendants") in their individual and official capacities. Plaintiff's allegations occurred while he was incarcerated at Pleasant Valley State Prison in Coalinga, California.

Plaintiff alleges the following:

CLAIM 1

Defendant I. Ogbeuhi demonstrated deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment by regularly ordering Plaintiff to bend over and touch his toes, knowing that Plaintiff suffers severe lower back pain and walks with a cane. Defendant used intimidation and threats to coerce Plaintiff's compliance. On May 23, 2014, Plaintiff informed Defendant Ogbeuhi that he needed a back brace, and Defendant Ogbeuhi responded with "We don't give back braces; what we do is give pills." Plaintiff again informed Defendant Ogbeuhi

that he needed a back brace to mitigate his lower back pain, and Defendant Ogbeuhi responded aggressively, saying "I DON'T DO THAT!"

CLAIM 2[1]

Defendant J. Benavides demonstrated deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment by conspiring with medical personnel and threatening to have Plaintiff's cell searched for a back brace that Plaintiff had not received and which had not been issued by medical personnel. On September 29, 2014, at approximately 12:50 p.m., Plaintiff was called to Defendant Benavides' office. Plaintiff was instructed to go to his cell to retrieve a back brace to return to medical. Plaintiff informed Defendant Benavides that he had no back brace in his cell. Defendant Benavides informed Plaintiff that "medical said they issued you a back brace several months ago." Defendant Benavides was adamant about Plaintiff having a back brace in his cell, and threatened to have a search conducted. Eventually, Defendant Benavides informed Plaintiff that he was going to medical and would return soon.

Within an hour, Plaintiff was called to medical, where Defendant R. Hanson issued Plaintiff a back brace. Defendant Hanson had Plaintiff sign a receipt, stating, "This is to prove we complied." Defendant Hanson provided Plaintiff with a copy of the signed receipt and said, "keep this so <u>when</u> they come to take it back you will have this." The following day, Defendant Hanson called Plaintiff to medical and took the brace. Defendant Benavides later claimed that Plaintiff was never supposed to have a back brace, and the medical document approving it was a "typo error."

CLAIM 3

Defendant R. Hanson demonstrated deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment by, as described above, taking back the back brace that she had previously issued to Plaintiff on September 29, 2014, in an attempt to feign compliance with the Americans with Disabilities Act form that had been filled out with the assistance of a prison law office representative on August 25, 2014.

---

[1] Plaintiff numbers his claims differently from this order. The Court organizes Plaintiff's claims in chronological order to facilitate summarizing and screening them.

1      CLAIM 4

2      Defendant A. Ola demonstrated deliberate indifference to Plaintiff's medical needs in
3  violation of the Eighth Amendment by his failure to adequately train medical staff in the
4  appropriate treatment of patients who suffer severe lower back pain, and/or the treatment of
5  patients in general who have medical issues. Defendant Ola blindly agreed with Defendant I.
6  Ogeuhi in her refusal and determination to deprive Plaintiff of proper medical care in the issuance
7  of the necessary back brace that would mitigate Plaintiff's lower back pain. Defendant Ola also
8  signed a medical document refusing Plaintiff the necessary back brace, causing Plaintiff to
9  continue to suffer lower back pain.

10     Plaintiff seeks compensatory and punitive damages in the amount of $30,000.00 from
11 each defendant, plus costs, and any other relief the Court finds proper.

12     **III.    Discussion**
13        **a.   Federal Rule of Civil Procedure 8**

14     A complaint must contain "a short and plain statement of the claim showing that the
15 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,
16 but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth
18 "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
19 *Ibid.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal
20 conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556-57.

21     Plaintiff's complaint is short, but it does not contain plain statements of his claims. It
22 contains mostly legal conclusions with insufficient factual support. Of the facts that are stated,
23 they are at times disjointed and unclear. Accordingly, the Court will give Plaintiff leave to amend.

24        **b.   Eleventh Amendment – Official Capacity**

25     Section 1983 authorizes a federal civil rights action against any "person" who acts under
26 color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not
27 include a state or its entities, or state employees acting in their official capacities. *See Will v.*
28 *Michigan Dept. of State Police*, 491 U.S. 58 (1989); *see also Kentucky v. Graham*, 473 U.S. 159

(1985) (the Eleventh Amendment bars federal damages action against a state and its entities).

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky*, 473 U.S. at 169; *see also Will*, 491 U.S. at 71 (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

Plaintiff seeks damages against the Defendants in their official capacities, which the Eleventh Amendment forbids. However, Plaintiff may sue the Defendants for damages in their individual capacities.

**c. Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca,* 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett,* 567 F.3d 554, 570 (9th Cir. 2009). Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Starr,* 652 F.3d at 1205–06. Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. *Iqbal,* 556 U.S. at 676.

A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 only in limited circumstances, such as where the failure amounts to

5

deliberate indifference. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-90 (1989) (a failure to train or supervise claim may satisfy this criteria if, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.") However, "[t]he cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed." *Wardell v. Nollette*, 2006 WL 1075220, at *3 (W.D. Wash. Apr. 20, 2006) (collecting cases); *see also Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (to impose liability for a supervisor's failure to train, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is so obvious and obviously likely to result in a constitutional violation.") Also, the identified training deficiency must be causally connected to the ultimate injury. *City of Canton*, 489 U.S. at 391.

Plaintiff's allegations of inadequate training are conclusory and fail to state a claim of supervisory liability on that basis. Plaintiff alleges no facts regarding Defendant Ola's training of medical staff, let alone training in the treatment of patients who suffer from severe lower back pain. Plaintiff also fails to allege facts showing that the allegedly inadequate training caused him any injury or harm. Accordingly, this claim will be dismissed with leave to amend.

### d. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019; *Toguchi v.*

*Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere difference of medical opinion is insufficient to state a claim for deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

### Defendant Ogbeuhi

Plaintiff fails to state a claim for deliberate indifference against Defendant Ogbeuhi. Plaintiff alleges that he suffers from severe back pain, uses a cane, and that Defendant Ogbeuhi knew of his back pain when ordering him to bend over and touch his toes. While chronic and substantial pain may constitute a serious medical need, *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation and quotation omitted), Plaintiff's allegations are conclusory, and fail to allege that Defendant Ogbeuhi understood Plaintiff's severe back pain and cane usage prohibited him from following her orders to bend over.

Plaintiff also alleges that Defendant Ogbeuhi used threats and intimidation to get Plaintiff to bend over. However, mere threats do not violate the Eighth Amendment. *Corales,* 567 F.3d at 565 (citing *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threats of discipline that are not actually administered do not violate the Constitution).

Plaintiff's allegations about the conversations he had with Defendant Ogbeuhi are at best evidence of a difference of opinion between medical provider and prisoner. Plaintiff fails to allege facts showing that he had a serious medical need for a back brace. Further, he alleges that Defendant Ogbeuhi stated that "what we do is give pills," but Plaintiff appeared to prefer a back brace, seemingly based on his own opinion. Plaintiff does not have a right to his preferred treatment. As long as Plaintiff receives adequate treatment for any serious medical needs he may have, the denial of his preferred treatment does not constitute deliberate indifference in violation of the Eighth Amendment. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see also Anderson v. Krpan*, No. 1:14-cv-1380-AWI-MJS (PC), 2014 WL 5463963, *3 (E.D. Cal. Oct. 27, 2014).

///

Furthermore, none of Plaintiff's allegations show that Defendant Ogbeuhi's offer to provide pills was both medically unacceptable under the circumstances and done in conscious disregard of an excessive risk to Plaintiff's health. *See Toguchi,* 391 F.3d at 1058.

Defendant Benavides

Plaintiff fails to state a claim for deliberate indifference against Defendant Benavides. Plaintiff's allegations only show a misunderstanding and disagreement between Plaintiff and Defendant Benavides as to whether Plaintiff had a back brace in his cell. None of the allegations show that Plaintiff had a serious medical need for a back brace, and Plaintiff fails to allege facts evidencing that Defendant Benavides was aware of Plaintiff's alleged need for a back brace. Moreover, Plaintiff fails to allege facts that he incurred substantial harm because of Defendant Benavides' actions.

Some of Plaintiff's allegations actually tend to suggest that Defendant Benavides did not think Plaintiff had any serious medical need for a back brace. For example, Plaintiff alleges that Defendant Benavides told Plaintiff to retrieve his back brace and return it to medical, that Defendant Benavides told Plaintiff he was never supposed to have a back brace, and that the medical document approving the back brace was in an error.

To the extent Plaintiff attempts to state a claim based on the threat of his cell being searched, Defendant Benavides' alleged threat does not violate the Eighth Amendment. *See Corales,* 567 F.3d at 565 (citing *Gaut*, 810 F.2d at 925) (stating that mere threats do not violate the Eighth Amendment).

Defendant Hanson

Plaintiff fails to state a claim for deliberate indifference against Defendant Hanson. Plaintiff states that a representative from the prison law office assisted with the filling out of an Americans with Disabilities Act (ADA) form on August 25, 2014, but fails to state what the contents of that form were, and whether Defendant Hanson was aware of the contents of that form. These allegations fail to sufficiently demonstrate what Defendant Hanson knew about Plaintiff's medical condition and why her taking back the brace in these circumstances constituted deliberate indifference to a serious medical need.

8

In sum, Plaintiff has not alleged facts showing that Plaintiff had a serious medical need for a back brace when Defendant Hanson took it, or that Defendant Hanson understood the extent of Plaintiff's alleged need for a back brace. At most, he has established that Defendant Hanson was following procedures for issuing and returning medical equipment.

<u>Defendant Ola</u>

Plaintiff fails to state a claim for deliberate indifference against Defendant Ola. Plaintiff's allegation that Defendant Ola "blindly agreed" with Defendant Ogbeuhi is vague, as he fails to explain what he means by "blindly agreed," and what facts support that allegation. Defendant Ola's signing of the document that denied Plaintiff his back brace alone does not state sufficient facts to show deliberate indifference. This at most constitutes a difference of opinion between medical provider and prisoner.

Thus, Plaintiff's claims for deliberate indifference against all of the foregoing defendants must be dismissed. The Court will grant Plaintiff leave to amend.

**e. Conspiracy**

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

Plaintiff's allegation that Defendant Benavides conspired with other medical personnel is conclusory and fails to allege facts with specificity. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient.") Plaintiff fails to specify who these other medical personnel are that were allegedly involved in this conspiracy. Although the complaint mentions Defendant Hanson in connection with issuing and then taking the back brace, it does not clearly state whether

1 Defendant Hanson was a part of the alleged conspiracy with Defendant Benavides. None of
2 Plaintiff's claims against the other Defendants in this action alleged conspiracies with Defendant
3 Benavides. A conspiracy requires two or more conspirators. *Cf. Baca*, 596 F.3d at 592 (stating
4 that a conspiracy requires an agreement or meeting of the minds between conspirators).
5 Moreover, Plaintiff has not alleged facts evidencing an actual deprivation of his rights resulting
6 from this alleged conspiracy involving Defendant Benavides. *See id.*

7 Accordingly, this claim will be dismissed with leave to amend, provided Plaintiff can do
8 so in good faith.

### f. Rule 18 and Rule 20

10 Plaintiff may not pursue multiple, unrelated claims in this action. "A party asserting a
11 claim… may join, as independent or alternate claims, as many claims as it has against an
12 opposing party." Fed. R. Civ. P. 18(a). "Persons… may be joined in one action as defendants if:
13 (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect
14 to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
15 (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.
16 20(a)(2).

17 "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should
18 not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different
19 defendants belong in different suits, not only to prevent the sort of morass [a multiple claim,
20 multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-
21 for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any
22 prisoner may file without prepayment of the required fees." *George v. Smith,* 507 F.3d 605, 607
23 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Plaintiff will not be permitted to proceed with a
24 "mishmash of a complaint." *George*, 507 F.3d at 607. If the amended complaint fails to comply
25 with Rule 18(a), the Court will choose which claims will proceed and will dismiss
26 all unrelated claims.

27 Plaintiff is attempting to state claims against multiple parties that are unrelated and cannot
28 be brought in the same action. For example, Plaintiff's conspiracy claim against Defendant

10

Benavides does not arise out of the same transaction or occurrence as Plaintiff's deliberate indifference claims against Defendants Ogbeuhi and Ola. None of the allegations demonstrate that Defendant Benavides's efforts to retrieve the back brace from Plaintiff were connected to Defendants Ogbeuhi's and Ola's actions, which based on Plaintiff's allegations, occurred many months earlier. Plaintiff needs to choose which claims he wants to proceed on in this suit, and amend his complaint to state only allegations that apply to those claims.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any cognizable claim against any of the Defendants, in either their individual or official capacities. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff must state what the Defendants did that deprived the Plaintiff of his constitutional rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *See George*, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised of the general rule that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office shall send to Plaintiff a complaint form;
2. Plaintiff's complaint filed on April 29, 2016 is dismissed for the failure to state a cognizable claim upon which relief may be granted, with leave to amend;
3. Within **thirty (30) days** of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

///

///

4. **Plaintiff's failure to comply with this order will result in dismissal of this action for failure to state a claim upon which relief may be granted, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 17, 2017**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE