# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAD LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>I. OGBEUHI, et al.<br><br>    Defendants. | Case No. 1:16-cv-00603-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |

### I. Screening Requirement and Standard

Plaintiff Asad Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 5.) On January 17, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 6.) Plaintiff's first amended complaint, filed on March 2, 2017, is currently before the Court for screening. (ECF No. 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently incarcerated at Deuel Vocational Institution in Tracy, California. The events in the complaint are alleged to have occurred while he was incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff names the following defendants in their individual and official capacities: (1) Nurse Practitioner I. Ogbeuhi; (2) Sergeant J. Benavides; (3) Chief Physician A. Ola; and (4) Licensed Vocational Nurse R. Hanson.

Plaintiff alleges the following:

On May 23, 2014, Plaintiff submitted a CDCR Form 1824 Reasonable Modification or Accommodation Request in order to mitigate his lower back pain. On the same date, Plaintiff complained to Defendant I. Ogbeuhi that he had been and was still suffering from severe lower back pain, and requested a back brace. Defendant acknowledged his suffering and sent him to therapy for lower back pain. However, even after Plaintiff completed therapy, Defendant I. Ogbeuhi refused to issue Plaintiff a back brace despite telling Plaintiff to complete therapy first. Defendant I. Ogbeuhi became upset and hostile to Plaintiff for requesting that Defendant issue a

back brace to lessen lower back pain.

Shortly thereafter, Plaintiff submitted another request for medical attention. Plaintiff was seen by Defendant I. Ogbeuhi, who was hostile when Plaintiff continued to complain of lower back and needing a back brace. Defendant I. Ogbeuhi stated, "We don't give back braces, what we do is give pills!" As Plaintiff tried to inform Defendant I. Ogbeuhi of his pain and need, Defendant I. Ogbeuhi exclaimed, "I don't do that!" Defendant I. Ogbeuhi eventually approved a back brace for Plaintiff, but never issued it.

Approximately four months later, Defendant I. Ogbeuhi sent Defendant Benevides to Plaintiff's cell to collect the back brace that was never issued. Defendant Benevides pressured Plaintiff to produce a back brace and threatened to search Plaintiff's cell. Defendant Benevides then ordered Plaintiff to remain standing in the dayroom as he left for the medical office. Plaintiff stood with a cane for approximately 30 minutes until Defendant Benevides returned. Plaintiff then was escorted to the medical office where a back brace was issued.

On September 29, 2014, Plaintiff alleges that Defendant R. Hanson issued a back brace at the order of Defendant I. Ogbeuhi. Defendant Hanson asked Plaintiff to sign a receipt. As Plaintiff signed, Defendant Hanson stated, "This is to prove we complied and accommodated you." On September 30, 2014, Defendant Hanson called Plaintiff to the medical office and took the back brace from Plaintiff without reason.

Plaintiff submitted several requests for medical services that went unanswered.

At some point, one of the defendants placed a phone call to the chief medical officer in Plaintiff's presence and discussed Plaintiff's lower back issue. Plaintiff asserts that this makes it clear that the Chief Medical Officer A. Ola was aware of Plaintiff's condition and Defendant I. Ogbeuhi's actions regarding the back brace.

Plaintiff claims that Defendant I. Ogbeuhi was deliberately indifferent to his medical condition by refusing him a back brace after Plaintiff completed therapy for lower back pain and continued to suffer pain. Plaintiff claims that Defendant R. Hanson demonstrated deliberate indifference by taking the back brace from Plaintiff twenty-four (24) hours after issuing it. Plaintiff claims that Defendant Ola showed deliberate indifference because he was made aware of

Plaintiff's lower back pain and request for back brace, but did not act to remedy the problem. Plaintiff claims that Defendant Benevides demonstrated deliberate indifference to Plaintiff's medical issue by demanding that Plaintiff remain standing for approximately 30 minutes when Plaintiff has limits on standing for no longer than 15 minutes at a time. Defendant Benevides knew of the 15 minute limit because he held a copy of the medical information in his hand and had read it to Plaintiff just minutes before.

Plaintiff seeks compensatory and punitive damages in the amount of $30,000.00 from each defendant, plus costs, and any other relief the Court finds proper.

### III. Discussion

#### A. Eleventh Amendment – Official Capacity

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not include a state or its entities, or state employees acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159 (1985) (the Eleventh Amendment bars federal damages action against a state and its entities).

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky*, 473 U.S. at 169; *see also Will*, 491 U.S. at 71 (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities).

Therefore, Plaintiff may not pursue his claims damages against the Defendants in their official capacities. However, Plaintiff may pursue claims for damages under section 1983 against the Defendants in their individual capacities.

#### B. Supervisory Liability

Plaintiff does not allege that Defendant Ola, the Chief Physician, provided treatment or examined him on any occasion. Instead, Plaintiff's Eighth Amendment claim against Defendant

4

Ola appears to arise out of Defendant Ola's role as a supervising physician.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca,* 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett,* 567 F.3d 554, 570 (9th Cir. 2009). Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Starr,* 652 F.3d at 1205–06.

Although Plaintiff alleges that Defendant Ola was aware of his lower back issue and Defendant Ogbeuhi's action regarding the back brace, this allegation is not sufficient to state a cognizable claim. There is no indication that Defendant Ola examined Plaintiff or knew that Plaintiff required a back brace. Further, Plaintiff's allegations confirm that he received treatment for his back, which included physical therapy and a subsequent order for a back brace.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official

must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere difference of medical opinion is insufficient to state a claim for deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Defendant Ogbeuhi

Plaintiff fails to state a claim for deliberate indifference against Defendant Ogbeuhi. As alleged, Defendant Ogbeuhi offered pills, ordered physical therapy and subsequently ordered a back brace to treat Plaintiff's lower back pain. Given Defendant Ogbeuhi's provision of various treatment modalities, Plaintiff cannot maintain a claim of deliberate indifference to serious medical needs. Further, Plaintiff's allegations that Defendant Ogbeuhi ordered Defendant Benevides to collect the back brace suggest that Defendant Ogbeuhi was unaware that a back brace had not been issued. Absent such knowledge, Defendant Ogbeuhi could not have been deliberately indifferent based on the failure to issue a back brace.

As a final matter, Plaintiff appears to allege that Defendant Ogbeuhi's request for return of the back brace showed deliberate indifference. However, the fact that Defendant Ogbeuhi asked that the back brace be returned is not sufficient to state a cognizable claim for deliberate indifference. At most, Plaintiff has raised a difference of medical opinion regarding his need for a back brace. A difference of opinion does not amount to a deliberate indifference to Plaintiff's serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Defendant Benavides

Plaintiff fails to state a claim for deliberate indifference against Defendant Benavides. First, Plaintiff's allegation that Defendant Benevides pressured Plaintiff to produce a back brace and threatened to search Plaintiff's cell is not sufficient to support an Eighth Amendment claim. Mere threats do not violate the Eighth Amendment. *See Corales*, 567 F.3d at 564-65 (citation omitted).

Second, Plaintiff's claim that Defendant Benevides demanded that Plaintiff remain standing for approximately 30 minutes despite being aware that Plaintiff was limited to fifteen minutes of standing is not sufficient to support a deliberate indifference claim. Plaintiff fails to

allege facts suggesting he incurred any form of harm because of Defendant Benevides' actions.

Third, and finally, Plaintiff fails to allege facts evidencing that Defendant Benevides was aware of Plaintiff's alleged need for a back brace. At best, Plaintiff's allegations indicate that Defendant Benevides was merely following the directive of Plaintiff's treating provider to recover the back brace.

Defendant Hanson

Plaintiff claims that Defendant R. Hanson demonstrated deliberate indifference by taking the back brace from Plaintiff twenty-four (24) hours after issuing it. This is insufficient to support a cognizable deliberate indifference claim. As admitted by Plaintiff, Defendant Ogbeuhi originally ordered the collection of Plaintiff's back brace, and Plaintiff has demonstrated, at most, a disagreement with his medical provider regarding the need for a back brace. *Sanchez*, 891 F.2d at 242.

**D. Conclusion and Order**

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Despite being provided with the relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies identified by the Court, and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: **May 3, 2017**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE